### In re FT. WAYNE ELECTRIC CORP.

(District Court, D. Indiana. June 29, 1899.)

BANKRUPTCY—SET-OFF OF CLAIMS.
  Where the trustee of a bankrupt corporation is prosecuting an action against another corporation for goods sold, a creditor of the bankrupt cannot have the value of the property credited on his claim against the bankrupt, and have the action dismissed, on the contention that the goods were bought by him from the bankrupt, and sold by him to the other corpora-

tion, when it appears that he was an officer of the bankrupt corporation, and in charge of its sales, and at the same time an officer and agent of the purchasing corporation.

In Bankruptcy.

J. B. Harper, for petitioner.
Breen & Morris, for trustee in bankruptcy.

BAKER, District Judge. Charles S. Knight filed a petition in this court praying for an order directing the receivers, or their successor, the trustee of the bankrupt corporation, to cancel a mechanic's lien filed on its behalf by the receivers against the plant of the Worthington Light & Water Company, in Greene county, to dismiss the suit for the foreclosure of the same in the circuit court of that county, and to credit the value of the personal property for which the mechanic's lien was filed upon the claim of the petitioner against the bankrupt corporation. The petition was referred to A. A. Chapin, referee, for investigation and report, and a demurrer to the petition was overruled by him. An answer in denial of the petition, which also charges that the petition seeks a fraudulent preference, and a reply in denial of the special matter of defense, were thereafter filed with the referee, and testimony was taken. His report, in which he finds for the petitioner, and a petition by the trustee for a review of the finding, in the nature of exceptions thereto, have been filed here, and are now submitted for the consideration of the court. It is conceded that the petitioner, at the time of the pretended sale to him, had a valid claim against the bankrupt corporation for an amount larger than the value of the property in controversy. The petitioner was vice president of the bankrupt corporation, and had charge of its sales. He claims that he was also in business for himself, and as president and general manager of the Wayne Engineering & Construction Company, and the Worthington Light & Water Company, and other corporations, and bought from the bankrupt corporation material which was used by him in the construction and equipment of electrical plants in various cities and towns, and which was sold and delivered by him to these corporations. He was an officer and agent of the bankrupt corporation, and in charge of its sales, and he was at the same time an officer and agent of other corporations, and was buying goods from himself, and selling them to himself. It does not appear, from the minutes of the bankrupt corporation or otherwise, that the petitioner was authorized, by its board of directors, to carry on its business in this way. It is hardly presumable that he would be permitted to occupy such a relation of salesman and customer, if he were really engaged in business for himself as a rival and competitor of the bankrupt corporation, while it was represented by himself as its officer and agent in selling its goods. Equity looks through forms, at the substance of things, and it is obvious, from all the evidence in the case, that the petitioner, as agent of the bankrupt corporation, sold its property, as described therein, to the Worthington corporation, and not to himself, as an intermediary or otherwise, and that the sale was made when the goods were delivered, on Janu-

ary 17th. The intervention of himself, as an independent entity, between himself as the agent of the bankrupt corporation, and himself as the agent of the Wayne Engineering & Construction Company, or as the agent of the Worthington corporation, might have been regarded as a sort of harmless fiction, which deceived nobody. It certainly does not change or obscure the facts, and is unworthy of serious consideration by the court. It may have been meant, and generally understood, as a business device or trick of the trade, for increasing the sales of the bankrupt corporation; otherwise, it was a fraud upon the bankrupt corporation and all who dealt with it. In any event, it is contrary to public policy that such an arrangement should be upheld. In this view of the case, it is unnecessary to consider whether there was a sale or contract of sale on September 3d or 5th, within the requirements of the statutes of frauds. As a matter of fact, the property remained in the possession of the bankrupt corporation. It was not marked in any way as the property of the petitioner. A part of it was afterwards sold by the bankrupt corporation to other parties, and there was not any entry of a sale of the property on the books of the bankrupt corporation at that time. If there was a sale at that time to the petitioner, it was not made with the assent of the bankrupt corporation, and it is voidable, at the instance of the trustee, who is the representative of the bankrupt corporation and its creditors. The bankrupt corporation being indebted to the petitioner as stated therein, he might, with the consent of the bankrupt corporation, have received and been credited on its indebtedness to him with the value of the property. But the note or memorandum made on September 3d and 5th and the testimony show an entirely different transaction. They refer exclusively to the sale which was afterwards made to the Worthington corporation, and there was not any entry of such a credit, or any authority for it, on any of the books of the bankrupt corporation, and the subsequent sale of a part of the property to other parties indicates that such a credit was not actually given or intended. The prayer of the petition does not seek to have the claim of the petitioner allowed as a general claim against the estate in bankruptcy, and the petition does not contain the averments which are required by the law and the rules and forms of the supreme court in proof of debts by creditors. It has not, therefore, been considered on its merits, as a general claim.

For the foregoing reasons, the petition by the trustee for a review of the finding and order of the referee is sustained, and said finding and order of the referee are reversed, and the petition of Charles S. Knight is overruled and dismissed, with leave to file his claim and proof of debt as a general creditor of the bankrupt corporation, and, when so filed, it may be submitted upon the evidence which has already been taken, or, if desired, further evidence may be adduced by either party. The restraining order heretofore granted, restraining the prosecution of the suit in the circuit court of Greene county, Ind., is set aside, with leave to the trustee to prosecute said suit, if so advised.